ORIGINAL

dentyhermanplea

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
FEB 22 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00002 |
| Plaintiff. | |
| vs. | **PLEA AGREEMENT** |
| DENTY HERMAN, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(B), the United States and the defendant, DENTY HERMAN, enter into the following plea agreement:

1. The defendant, DENTY HERMAN, agrees to plead guilty to Count II of the Information charging him with Driving Under the Influence of Alcohol, in violation of Title 16, Guam Code Annotated, Section 18102(a), as assimilated by Title 18, United States Code, Sections 7(3) and 13. Count I and Count III of the information will be dismissed after sentencing.

1

2. The defendant, DENTY HERMAN, represents that he has not, prior to the commission of the offense to which he entered the plea of guilty, been convicted of violating a Federal or State law relating to driving a motor vehicle while under the influence of alcohol.

3. The defendant understands that the <u>maximum</u> sentence for a first violation of 16 G.C.A. §18102(a), a misdemeanor, shall be imprisonment for not less than a mandatory forty-eight (48) hours nor more than one (1) year and a fine of not less than One Thousand Dollars ($1,000) nor more than Five Thousand Dollars ($5,000). Additional penalties, including requiring the offenders to pay restitution to persons injured or for property damaged, may be imposed. The Court may order that any person punished under 16 G.C.A. §18102(a), who is to be punished by imprisonment, be imprisoned on days other than days of regular employment of the person, as determined by the Court. The Court shall suspend and confiscate the person's operator's or chauffeur's license or permit and shall notify the proper licensing or permitting authorities that the privilege to operate a motor vehicle of a person punished under 16 G.C.A. §18102(a) has been suspended for six (6) months. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the Court revokes a sentence of supervised release, the Court may incarcerate the defendant up to an additional term of not more than one year. The defendant also understands that he will be subject to a $25 special assessment fee, as set forth in 18 U.S.C. § 3013. The $25 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

4. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish the violation of Driving Under the Influence of Alcohol, in violation of Title 16, Guam Code Annotated, Section 18102(a), as

2

assimilated by Title 18, United States Code, Sections 7(3) & 13, the United States must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant operated or was in physical control of a motor vehicle;

<u>Second</u>, that while the defendant operated or was in physical control of a motor vehicle, he was under the influence of an alcoholic beverage or any controlled substance, or under the combined influence of an alcoholic beverage and any controlled substance; and

<u>Third</u>, that the offense occurred on land acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof.

6. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1979 and is a citizen of Chuuk; and

b. That on or about 9 November 2006, in the District of Guam, the defendant, DENTY HERMAN, at U.S. Naval Base Guam, on land acquired for the use of the United States and under the exclusive jurisdiction thereof, did operate or was in physical control of a motor vehicle while under the influence of an alcoholic beverage.

7. The United States and the defendant, DENTY HERMAN, agree to recommend the following:

a. That the defendant participate in and successfully complete an alcohol or drug education program, or both of these programs as designated by the Court;

b. That the defendant be referred to a qualified substance abuse counselor for an assessment of the person's alcohol dependence and need for treatment;

c. That the counselor submit a report with recommendations to the Court, which may require the person to obtain appropriate treatment; and

d. That all costs for such assessment or treatment or both be borne by the defendant;

3

8. The parties understand and agree that it is the Court's duty to impose sentence upon the defendant, and that any sentence either stipulated to or recommended herein is not binding on the Court.

9. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into the plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right he may have to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into the plea agreement, he waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue;

    f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from his plea agreement;

    g. That this plea agreement has been verbally translated for the defendant in his native language and that he understands it; and

i. That the Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

_____  
DATE

/s/ DENTY HERMAN  
DENTY HERMAN  
Defendant

2/20/07  
DATE

/s/ RICHARD ARENS  
RICHARD ARENS  
Attorney for Defendant

LEONARDO M. RAPADAS  
United States Attorney  
Districts of Guam and NMI

2/22/07  
DATE

By: /s/ RYAN M. ANDERSON  
RYAN M. ANDERSON  
Special Assistant U.S. Attorney

2/22/07  
DATE

/s/ JEFFREY J. STRAND  
JEFFREY J. STRAND  
First Assistant U.S. Attorney

5